Emily Fowler [SBN 258152]
Anastasia McMurry [SBN 309466]
VOGL MEREDITH BURKE LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Telephone:   (415) 398-0200
Facsimile:    (415) 398-2820
Email:         efowler@vmbllp.com
               amcmurry@vmbllp.com

Attorneys for Defendant
TARGET CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| GLORIA PATTY RHODES,<br><br>Plaintiff(s),<br><br>vs.<br><br>TARGET CORPORATION, and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Santa Clara Case No: 22CV396454<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY JURISDICTION); DEMAND FOR JURY TRIAL** |

TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that Defendant TARGET CORPORATION ("Defendant") hereby removes to this Court the state court action described below.

## INTRODUCTION

1. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this Court by defendants pursuant to 28 U.S.C. section 1441 (b) in that this action involves citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

///

///

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY JURISDICTION); DEMAND FOR JURY TRIAL

**PROCEDURES FOR REMOVAL**

2. On March 29, 2022, Plaintiff Gloria Patty Rhodes filed an action in the Superior Court of the State of California, in and for the County of Santa Clara, styled *Gloria Patty Rhodes v. Target Corporation, et al.*, case number 22CV396454, attached hereto as **Exhibit "A"**, alleging a cause of action for premises liability stemming from a February 13, 2020, incident occurring at a Target store located at 1061 Cochrane Road, Morgan Hill, California.

3. Notice of Removal is timely pursuant to 28 U.S.C. § 1446.   In cases where removability appears on the face of the state court complaint, a notice of removal must be filed "within 30 days after the receipt by the defendant, through services or otherwise" of the initial pleading from which removability can be ascertained.   28 U.S.C. § 1446(b)(1).   Plaintiff's complaint was served on Defendant Target Corporation on April 08, 2022.

4. Currently, there are no other defendants who have been properly joined and served and therefore no consent for removal is necessary at this time.

5. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being promptly served upon Plaintiff and filed with the Clerk of the Superior Court of the State of California for the County of Santa Clara.

6. Assignment to this Court in the San Jose Division is proper because the state court action was originally filed in Santa Clara County. See L.R.3-2(d).

**DIVERSITY OF CITIZENSHIP**

7. For purposes of diversity jurisdiction, diversity must exist at the time a complaint is filed, and at the time of removal.   *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002.).

8. For diversity purposes, a person is a "citizen" of the state in which he is domiciled.   *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).   Complete diversity of citizenship exists in that: Plaintiff is a citizen of the State of California; and Defendant Target Corporation is a corporation incorporated under the laws of Minnesota.

///

///

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY JURISDICTION); DEMAND FOR JURY TRIAL

**JURISDICTIONAL AMOUNT**

9. While Defendant denies liability as to Plaintiff's claims, Defendant has a reasonable, good faith belief that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, based upon Plaintiff's complaint allegations and other documentary evidence obtained by Defendant.

10. An action may be removed if the defendant establishes, by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). To establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, "the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

11. In determining whether the amount in controversy is proper for diversity jurisdiction, the Ninth Circuit has "…endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

12. In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (punitive damages must be taken into account where recoverable under state law); *Conrad Assoc. v. Hartford Accident & Ind. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

13. The complaint does not allege the amount in controversy. However, Plaintiff seeks damages for wage loss, hospital and medical expenses, general damages, and loss of earning capacity. (**Exhibit A**, p. 3 ¶ 11) Upon information and belief, Plaintiff is alleging over $35,620.75 in past medical specials, $4,100.00 in past wage loss and is claiming $25,000 in future medical specials.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY JURISDICTION); DEMAND FOR JURY TRIAL

1    In addition to these amounts, Plaintiff is claiming general damages and loss of earning capacity.

2    14. Additionally, Plaintiff alleges that as a result of the subject incident, "Plaintiff suffered significant

3    injuries requiring surgical intervention." (**Exhibit A**, pp. 4 ¶ GN-1, 5 ¶ Prem.L-1.)

4    15. Upon information and belief, Plaintiff attributes a torn meniscal tear to the right knee requiring

5    arthroscopic surgery.

6    16. Based on the above purported facts, it is "more likely than not" that the amount in controversy

7    exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).

8    **VENUE**

9    17. Venue in this Division of this Court is proper because the alleged negligent events underlying

10   the allegations in the Plaintiffs' complaint took place in Santa Clara County, California.

11   **28 U.S.C. section 1446**

12   18. Pursuant to 28 U.S.C. section 1446(a), copies of all process, pleadings, and orders in Defendant's

13   possession are already included in **Exhibit "A."**

14   19. Pursuant to 28 U.S.C. section 1446(d), Defendant will serve on Plaintiff and file with the Clerk

15   of the Superior Court for the County of Santa Clara written notice regarding removal of this

16   action, attaching a copy of this Notice of Removal and all supporting papers.

17   **DEMAND FOR JURY TRIAL**

18   Defendants hereby demand a jury trial in this matter.

19

20   Dated: May 04, 2022                          VOGL MEREDITH BURKE LLP

21                                               By: _____/s/ Emily Fowler_____
                                                 Emily Fowler
22                                               Anastasia McMurry
                                                 Attorneys for Defendant
23                                               TARGET CORPORATION

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY JURISDICTION); DEMAND FOR JURY TRIAL

# EXHIBIT A

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Jason S. Kim (SBN: 269978)<br>Law Offices of Jason S. Kim<br>2880 Zanker Road, Suite 203<br>San Jose, CA 95134<br><br>TELEPHONE NO:  408-727-3622          FAX NO. (Optional):  408-703-2055<br>E-MAIL ADDRESS (Optional):  jskimesq@gmail.com<br>ATTORNEY FOR (Name):  Gloria Patty Rhodes | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA<br>STREET ADDRESS:  191 North First Street<br>MAILING ADDRESS:  191 North First Street<br>CITY AND ZIP CODE:  San Jose 95113<br>BRANCH NAME:  Downtown Superior Court | E-FILED<br>3/29/2022 11:12 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>22CV396454<br>Reviewed By: P. Newton |

PLAINTIFF: Gloria Patty Rhodes

DEFENDANT: Target Corporation, and

[x] DOES 1 TO 50,          Inclusive

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>[ ] AMENDED (Number):<br>Type (check all that apply):<br>[ ] MOTOR VEHICLE          [x] OTHER (specify): Premise Liability<br>     [ ] Property Damage    [ ] Wrongful Death<br>     [x] Personal Injury    [x] Other Damages (specify): General Negligence | CASE NUMBER:<br><br><br>22CV396454 |
|---|---|

Jurisdiction (check all that apply):

[ ] ACTION IS A LIMITED CIVIL CASE

Amount demanded  [ ] does not exceed $10,000
                 [ ] exceeds $10,000, but does not exceed $25,000

[x] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)

[ ] ACTION IS RECLASSIFIED by this amended complaint
      [ ] from limited to unlimited
      [ ] from unlimited to limited

1. Plaintiff (name or names): Gloria Patty Rhodes

   alleges causes of action against defendant (name or names):
   Target Corporation and Does 1 to 50, inclusive

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult

   a. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor      [ ] an adult
           (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
           (b) [ ] other (specify):
      (5) [ ] other (specify):

   b. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor      [ ] an adult
           (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
           (b) [ ] other (specify):
      (5) [ ] other (specify):

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 (Rev. January 1, 2007)

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Code of Civil Procedure, § 425.12<br>www.courts.ca.gov

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| RHODES v. TARGET CORPORATION | |

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.
5. Each defendant named above is a natural person
   a. ☒ except defendant (name): TARGET CORPORATION    c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown          (1) ☐ a business organization, form unknown
      (2) ☒ a corporation                                  (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):           (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):                    (4) ☐ a public entity (describe):

      (5) ☐ other (specify):                               (5) ☐ other (specify):



   b. ☐ except defendant (name):                        d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown          (1) ☐ a business organization, form unknown
      (2) ☐ a corporation                                  (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):           (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):                    (4) ☐ a public entity (describe):

      (5) ☐ other (specify):                               (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.
6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 1-25 _____ were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): 26-50 _____ are persons whose capacities are unknown to
      plaintiff.
7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):



8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):



9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

**COMPLAINT—Personal Injury, Property**
                                          **Damage, Wrongful Death**

4-12-2022                                        001881H0001                                          6020220412007612

PLD-PI-001

| SHORT TITLE:<br>RHODES v. TARGET CORPORATION | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

    a. ☐ Motor Vehicle

    b. ☒ General Negligence

    c. ☐ Intentional Tort

    d. ☐ Products Liability

    e. ☒ Premises Liability

    f. ☐ Other *(specify):*

11. Plaintiff has suffered

    a. ☒ wage loss

    b. ☐ loss of use of property

    c. ☒ hospital and medical expenses

    d. ☒ general damage

    e. ☐ property damage

    f. ☒ loss of earning capacity

    g. ☐ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

    a. ☐ listed in Attachment 12.

    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a. (1) ☒ compensatory damages

       (2) ☐ punitive damages

    The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*

    (1) ☒ according to proof

    (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
    GN-1, PREM.L-1, PREM.L-2, and PREM.L-5

Date: March 30, 2022

Jason S. Kim
          (TYPE OR PRINT NAME)

▶ _[signature]_
          (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

4-12-2022                   001881H0001               6020220412007612

PLD-PI-001(2)

| SHORT TITLE:<br>RHODES v. TARGET CORPORATION | CASE NUMBER: |
|---|---|

FIRST _____  **CAUSE OF ACTION—General Negligence**  Page ___ 4 ___
_____(number)_____

ATTACHMENT TO [ x ] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  Gloria Patty Rhodes

alleges that defendant *(name)*: Target Corporation and

[ x ] Does  1 _____  to  50 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: February 13, 2020

at *(place)*: Target Store

*(description of reasons for liability):*
At all times herein, Plaintiff was a business invitee at Target Corporation located at 1061 Cochrane Road, Morgan Hill, California. While Plaintiff was at said premises, she slipped on unknown liquid that was allowed to accumulate in one of the aisles in the premise. Due to Defendant's failure to use reasonable care in the maintenance and care of their premises, Plaintiff suffered significant injuries requiring surgical intervention.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courts.ca.gov

4-12-2022                                              001881H0001                                              6020220412007612

PLD-PI-001(4)

| SHORT TITLE: RHODES v. TARGET CORPORATION | CASE NUMBER: |
|---|---|

SECOND _____
(number)
## CAUSE OF ACTION—Premises Liability
Page ___5___

ATTACHMENT TO [ x ] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* Gloria Patty Rhodes

alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.

On *(date):* February 13, 2020          plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury):*
At all times herein, Plaintiff was a business invitee at Target Corporation located at 1061 Cochrane Road, Morgan Hill, California. While Plaintiff was at said premises, she slipped on unknown liquid that was allowed to accumulate in one of the aisles of the premise. Due to Defendant's failure to use reasonable care in the maintenance and care of their premises, Plaintiff suffered significant injuries requiring surgical intervention.

Prem.L-2. [ x ] **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):*
TARGET CORPORATION and

[ x ] Does 1 _____ to 50 _____

Prem.L-3. [ ] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):*

[ ] Does _____ to _____

Plaintiff, a recreational user, was [ ] an invited guest [ ] a paying guest.

Prem.L-4. [ ] *Count Three—Dangerous Condition of Public Property* The defendants who owned public property on which a dangerous condition existed were *(names):*

[ ] Does _____ to _____
a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5.a. [ x ] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*
TARGET CORPORATION and

[ x ] Does 1 _____ to 50 _____

b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b [ x ] as follows *(names):*
To be determined through discovery.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California PLD-
PI-001(4) [Rev. January 1, 2007]

**CAUSE OF ACTION—Premises Liability**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

*Gloria Patty Rhodes vs. Target Corporation, et al.*
United States District Court Northern District of California – San Jose Division
Santa Clara County Superior Court Case No. 22CV396454

## PROOF OF SERVICE

I, Alice Lei, declare as follows:

I am a citizen of the United States, I am over the age of eighteen (18) years and am not a party to this action.  I am employed in the City and County of San Francisco, State of California, and my business address is 456 Montgomery Street, 20th Floor, San Francisco, California, 94104.

On **May 5, 2022**, I served or caused the within: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY JURISDICTION); DEMAND FOR JURY TRIAL** on the attorney(s) of record in this action as follows:

   **X**              by having a true copy thereof caused to be served via **electronic service** to the person(s) at the address(es) as set forth below.

**Plaintiff's Attorney:**
Jason S. Kim, Esq.
Law Offices of Jason S. Kim
2880 Zanker Road, Suite 203
San Jose, California 95134
Telephone No:  (408) 727-3622
Facsimile No:    (408) 730-2055
Email:            jskimesq@gmail.com

I am readily familiar with this law firm's practice for the collection and processing of documents for mailing, Federal Express overnight mail, and facsimile transaction and said document(s) are deposited with the United States Postal Service or Federal Express depository on the same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **May 5, 2022**, in San Francisco, California.

                         */s/  Alice Lei*
                         Alice Lei

PROOF OF SERVICE